Riley v. Watson.

---

RILEY v. WATSON.

*Mechanics' lien — who is not a contractor — what sufficient statement in notice.*

By Laws 1862, chapter 478, section 3, providing for the filing of mechanics' liens in Kings county, the notice of lien by any one furnishing materials by virtue of a contract with the owner or with any contractor, is required to state the person against whom the claim is made and the name of the owner of the building.   Defendant, the owner of a lot, contracted to sell the same to R., and agreed to advance moneys toward the erection of buildings thereon by R., and after the buildings were completed to convey the lot and take back a mortgage for the purchase-price and advances.   *Held,* that R. was not a contractor within the meaning of the act, and a notice of lien stating that the claim was for "stone furnished in the erection of said houses," etc., and that "James H. Watson is the owner thereof," although naming no other person against whom the claim was made was sufficient.

Riley v. Watson.

A PPEAL by plaintiff from a judgment in favor of defendant, entered upon the report of a referee.

The action was brought by Peter Riley against James H. Watson to foreclose a mechanics' lien. Sufficient facts appear in the opinion.

*Lewis & Mackay*, for appellant.

*James Crombie*, for respondent.

Present — BARNARD, P. J., TAPPEN and DONOHUE, JJ.

BARNARD, P. J. The defendant was the owner of certain premises in Brooklyn, which he contracted to sell to a Mrs. Robbins, and agreed to advance her moneys toward the erection of six buildings thereon. After the completion of the buildings he was to deed the premises to Mrs. Robbins, and to take back a mortgage for the price of the property and for the advances so to be made. Under this contract the houses were erected.

The plaintiff furnished stone which was used in the buildings, but not at the direct order of defendant. Within three months after the furnishing of such material, he served on the county clerk of Kings county and upon defendant a notice, of which the following is a copy :

"To the county clerk of Kings county, and to whom it may concern. Take notice that I have and claim a lien for the sum of $529 against six houses and the lots on which they stand, situate in the city of Brooklyn, and described as follows : Commencing at the south-east corner of Flushing avenue and Hall street, running thence easterly along the southerly side of Flushing avenue 120 feet ; thence southerly 100 feet ; thence westerly 100 feet ; thence northerly 100 feet to place of beginning. My claim is for building stone furnished and used in the erection of said houses, and furnished within three months past. James H. Watson is the owner thereof. There are no street numbers to said houses to the knowledge of claimant."

"Dated *February* 10, 1872.

"PETER RILEY."

The referee held that the plaintiff had no lien, because this notice did not contain the name of the person against whom the claim was made, and dismissed the complaint, with costs.    By the provisions of the lien act for the counties of Kings and Queens (chap. 478, Laws of 1862, § 1), a lien is given to a person who furnishes materials in building by virtue of any contract with the owner, or his agent, or with any contractor or sub-contractor, or any person permitted by the owner of such lands to build, upon filing a notice as required by the third section of said act.    This section requires the notice to state the person against whom the claim is made, and the name of the owner of the building.

Mrs. Robbins was not a contractor within the meaning of the lien act.    *Loonie* v. *Hogan*, 9 N. Y. 435.

By the first section of this lien act, a person who has contracted to sell shall be deemed the owner within the meaning of the act. This lien is given, if at all, because the owner permitted another person to build ; that such was the design seems evident.    It met the objection encountered in *Loonie* v. *Hogan, supra*, by inserting the clause under consideration, and by a declaration that the legal owner was to be deemed the owner, notwithstanding an agreement to sell.    Against whom could the plaintiff make a claim other than against the real owner ?    There was no contractor or sub-contractor.    The contract was not made with the defendant or his agent. Mrs. Robbins was permitted to build by the defendant.    The person against whom the claim was made and the owner were identical.    The notice claimed the lien, and gave the name of the owner. We think it was sufficient to entitle the plaintiff to his lien.

Judgment is reversed and a new trial granted at special term, costs to abide event.

*Judgment reversed and new trial granted.*